**Erma K. THOMAS, Appellant,**

v.

**Ralph G. THOMAS, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1971.

Robert D. Meredith, Kenneth Goff, Leitchfield, for appellant.

Wayne J. Carroll, Louisville, for appellee.

MILLIKEN, Judge.

This appeal from the judgment in a divorce case involves a question of sufficiency of alimony. The appellant, Erma Thomas, was awarded $20,750 lump-sum alimony (approximately one-third of her husband's net estate), custody of the couple's fourteen-year-old son, David, and use of the residence maintained by the husband until David becomes eighteen or finishes college. The husband, Ralph G. Thomas, a physician who earned $30,000–$56,000 a year, was directed to pay $150 a month child support for David and to provide the funds to educate him and the couple's two older daughters until they obtain masters' degrees if they so desire.

Erma Thomas and Ralph G. Thomas were married in 1947 while he was a medical student and she was a registered nurse. Mrs. Thomas continued to work while he did his internship and residency at an Indianapolis hospital, but became pregnant during their third year at Indianapolis and had to leave her employment. After a period of military service, Dr. Thomas entered private practice in 1954. During the first two years of his practice Mrs. Thomas worked at the hospital where he practiced. In recent years the marriage relationship deteriorated, and on January 23, 1970, after twenty-three years of marriage, a divorce was awarded both parties. Each of the parties is now approximately forty-eight years of age.

It is appellant's contention that the chancellor has failed to consider the appellee's present and future capacity for earning. She argues that to award one-third of the net estate of a man who has only recently begun to accumulate a sizeable estate (one-third of around $60,000) and to ignore the fact that his immediate past earnings ($30,000–$56,000) portend an excellent earnings future for this forty-eight-year-old physician, in good physical health, is an abuse of discretion when the length of their marriage and her contribution to it both financially and in running the home and rearing the children are considered.

In the case at bar, the wife complains that if the award of $20,750 were invested at 6%, it would provide her with only $1,-245 a year, requiring her to encroach upon principal. Meanwhile, her husband, with whom she shared the lean years in medical school, internship and residency, and whose three children she has reared, will be earning $30,000–$56,000. The husband notes

that in addition to the income of $1,245 interest, the wife will receive around $6,000 in her profession as a registered nurse, as well as use of the parties' $40,000 home. He estimates the rental value of the home at $4,500 a year, giving her, in effect, an annual income of $11,745, which will enable her to live comfortably. (Appellee will be supporting the children). However, the wife will only have the home, under the terms of the judgment, until David, now age fourteen, reaches eighteen or completes his college education.

In summary, the wife contends that "the chancellor abused his discretion in failing to consider the standard of living to which Mrs. Thomas had become accustomed and the social position in which her marriage placed her." We conclude that the chancellor should reevaluate the questions presented concerning an equitable division of property acquired by the joint efforts of the parties and then, in this case, determine an equitable resolution of the issue of alimony in the light of the principles enunciated in Colley v. Colley, Ky., 460 S.W.2d 821 (1970), which was not published at the time the chancellor considered the instant case.

The judgment is reversed for further proceedings consistent herewith.

All concur.